## **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Fabiola D. Colón, being first duly sworn, do here by depose and state that:

### **AGENT BACKGROUND**

1. I am employed as a Special Agent with the Department of Homeland Security (DHS) Immigrations and Customs Enforcement (ICE), Homeland Security Investigations (HSI), San Juan Office, in Puerto Rico, currently assigned to the Public Safety Group (PSG). I have been employed as a Special Agent since February of 2022.

2. As a Special Agent, my responsibilities include conducting investigations of alleged manufacturing, distribution, or possession of controlled substances (Title 21, United States Code, Section 841(a)(1), importation of controlled substances (Title 21, United States Code, Section 952(a), smuggling of goods into the United States (Title 18, United States Code, Section 545), and firearms offenses. My training at the Federal Law Enforcement Training Center includes use of force, firearms trafficking, drug trafficking, human trafficking, money laundering, and more. I have a bachelor's degree in Accounting & Business Administration from the University of Puerto Rico in Arecibo. I worked in the banking industry for a year as a bank representative, in which I enforced Anti Money Laundering tools and the Bank Secrecy Act. I have ten years of military experience with the United States Army Reserve as an Information Technology Specialist and as a Drill Sergeant, including a deployment overseas to the Middle East.

3. Because of this affidavit's limited purpose of establishing probable cause, it does not contain all of the facts known to Affiant or other law enforcement officers about

1

the investigation, but only those necessary to sustain a probable cause determination. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or discussions with other law enforcement officers who have interviewed individuals or personally have obtained information, which they in turn have reported to me.

## FACTS IN SUPPORT OF PROBABLE CAUSE

4.  On January 08, 2024, Homeland Security Investigations (HSI) Public Safety Group (PSG) was contacted in reference to multiple arrests made by the Puerto Rico Police Bureau (PRPB) San Juan Intelligence Unit (SJIU) agents. Special Agents (SA) and Task Force Officers (TFO) of HSI San Juan PSG responded to PRPB Headquarters premises to assist with the investigation. The following information was obtained throughout the course of the investigation.

5.  On January 08, 2024, PRPB agents were providing perimeter security to the Jardines de Monte Hatillo Public Housing Project (PHP) area when they observed a white Toyota Tacoma (herein after referred to as TACOMA) heading against traffic direction. The agents then observed the TACOMA suddenly leave the area while in reverse. PRPB agents proceeded to attempt a traffic stop of the TACOMA for traffic law violations: driving against traffic. Once agents turned on the blue lights of their official vehicle, while approaching the TACOMA, the TACOMA immediately took off, initiating a pursuit. During the pursuit, agents observed a firearm being thrown out one of the TACOMA's right side windows. Later, during the pursuit, PRPB agents saw the front passenger occupant throw a rifle out of the front passenger window. Shortly after,

2

PRPB agents observed an object being thrown out one of the TACOMA's left side windows.

6. Once the TACOMA entered a dead-end street, it stopped and all occupants five (5) exited the TACOMA as PRPB agents were approaching the TACOMA and advising the subjects they were under arrest. All occupants were immediately arrested by PRPB agents except the front passenger seat occupant. The front passenger occupant fled the scene and entered a nearby residence premises. Eventually, the front passenger was arrested by PRPB agents at another near-by residence.

7. The TACOMA driver was later identified as Ezequiel OLIVO-Bido also known as (AKA) CACHETE. The front passenger occupant was later identified as Ricardo Alfonso FERNANDEZ-Ulloa AKA DIOR. The back left side passenger occupant was later identified as Bryan Joel DIAZ-Hernandez. The back middle passenger was later identified as Roberto Jared ANDINO-Tremols. The back right side passenger was later identified as Junior Francisco ALCANTARA-Escoboso AKA VAQUERO.

8. The rifle thrown out of the front passenger seat window was later identified as an Anderson Multicaliber rifle bearing serial number: 18094751. The first firearm thrown out the right side of the TACOMA was later identified as a Glock, model 23, Generation 5, .40 caliber, bearing. The firearm thrown out the left side of the TACOMA was later identified as a Glock, model 23, Generation 4, .40 caliber bearing serial number: BFBD328.

9. Additional to the above-mentioned firearms and ammunition, the following items were seized from the arrestees:

   a. Two (2) watches

3

    b.  Seven (7) iPhones

    c.  One (1) pair of gloves

    d.  One (1) silver chain with wave pendant

    e.  One (1) golden chain with pendant bearing "LFNM"

    f.  One (1) golden chain with pendant bearing "GOTTI GOTTI"

    g.  One (1) Black Supreme Mesh Hat

    h.  Two (2) Balaclava Masks

    i.  One (1) brass knuckles

10. The items thrown out of the TACOMA during the pursuit and recovered by the PRPB agents were as follow:

    a.  One (1) Glock pistol, model 23, .40 Caliber, Serial Number: CAKR502

    b.  One (1) Glock pistol, model 23, .40 Caliber, Serial Number: BFBD328

    c.  One (1) Anderson Multicaliber, model AM-15, Serial Number: 18094751

    d.  One (1) .40 Caliber magazine, 13 round capacity

    e.  Four (4) .40 Caliber High-capacity magazines

    f.  One (1) .223 Caliber, 60 round capacity magazine

    g.  Two (2) 5.56x45 40 round capacity magazine

    h.  Ninety-nine (99) .40 Ammunition

    i.  One Hundred and nine (109) .223 Caliber Ammunition

11. The Glock firearms bearing serial numbers CAKR502 and BFBD328 had a visible alteration in the rear of the slide, visible when the pistol slide is to the rear . The alterations consisted of visibly identifiable small piece of metal, not consistent with the original fabrication of the firearm or the color of the slide. Based on my knowledge and

4

experience, this type of alteration makes the firearms capable of automatic firing, without manual reloading, with a single pull of trigger. This alteration is commonly known as a "chip" and is common among handmade firearm alterations. See images below:

Glock 23 Serial Number: BFBD328          Glock 23 Serial Number: CAKR502




12. The Anderson rifle bearing Serial Number: 18094751 had visible sear pin, which is an indication the rifle has automatic firing capabilities. See image below:



13. Based on my knowledge and experience, individuals in possession of machine gun frequently posses high-capacity magazines due to the high amount of ammunition a machine gun expend when the trigger is pulled and held down.

14. HSI SAs and TFOs interviewed Roberto J. ANDINO-Tremols. SAs and TFOs identified themselves and showed ANDINO-Tremols their credentials. ANDINO-Tremols read his Miranda Warnings in his native language, Spanish, and waived them in writing. ANDINO-Tremols stated while they were getting in the car, ANDINO-Tremols noted VAQUERO (ALCANTARA-Escoboso) was armed with a pistol, OLIVO-Bido was armed with a pistol, and DIOR (FERNANDEZ-Ulloa) was armed with a rifle. ANDINO-Tremols stated that during the pursuit, DIOR (FERNANDEZ-Ulloa) threw the rifle out the front passenger window of the TACOMA, CACHETE (OLIVO-Bido) threw his pistol out the TACOMA and VAQUERO (ALCANTARA-Escoboso) threw his pistol out the back right-side window.

15. HSI SAs and TFOs interviewed Bryan J. DIAZ-Hernandez. HSI SAs and TFOs identified themselves and showed DIAZ-Hernandez their credentials. DIAZ-

Hernandez read his Miranda Warnings in his native language, Spanish, and waived them in writing. DIAZ-Hernandez stated that CACHETE (OLIVO-Bido) was driving the TACOMA. DIAZ-Hernandez stated that during the pursuit, the front passenger occupant threw a rifle out the front passenger site and CACHETE (OLIVO-Bido) threw a pistol out the driver window.

16. HSI SAs and TFOs interviewed Junior F. ALCANTARA-Escoboso. HSI SAs and TFOs identified themselves and showed ALCANTARA-Escoboso their credentials. Once SAs and TFOs mentioned the agency "Immigration and Customs Enforcement" while introducing themselves, ALCANTARA-Escoboso advised he wanted to clarify he was "legally married with papers". When agents asked ALCANTARA-Escoboso why he volunteered the information, ALCANTARA-Escoboso answered he wanted to do so because the agents were enforcing immigration and he arrived to Puerto Rico in a yawl. ALCANTARA-Escoboso then read his Miranda Warnings in his native language, Spanish, and decided not to waive them in writing. Record checks revealed ALCANTARA-Escoboso is an undocumented non-citizen, unlawfully present in Puerto Rico.

## CONCLUSION

4. Based upon my training, experience, and facts concerning this investigation, I submit there is sufficient probable cause to show Ricardo FERNANDEZ-Ulloa, Junior F. ALCANTARA-Escoboso, Ezequiel OLIVO-Bido, Roberto J. ANDINO-Tremols and Bryan Joel DIAZ-Hernandez possessed the above-described machineguns in violation of Title 18 U.S.C. 922(o) and Junior F. ALCANTARA-Escoboso is an illegal alien who possessed the above-described machinegun in violation of 18 U.S.C. 922(g)(5).

7

I hereby declare, under penalty of perjury, that the foregoing is true and correct to

the best of my knowledge.

Fabiola D. Colón. Special Agent
HSI

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone in

San Juan, Puerto Rico, on  January 9, 2024 at 1:32 p.m.

Honorable Giselle López Soler
United States Magistrate Judge

8